UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
NICHOLAS OWOYEMI,

                Plaintiff,                Index No. 10 CV 6001(ERK) (JO)

- against -

J.P. MORGAN CHASE & CO., and
CHASE INVESTMENT SERVICES CORP.,

                Defendants.
-------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS J.P.MORGAN CHASE & CO. AND
CHASE INVESTMENT SERVICES CORP.'S
<u>MOTION TO DISMISS THE COMPLAINT AND COMPEL ARBITRATION</u>**

J.P. MORGAN CHASE LEGAL & COMPLIANCE DEPARTMENT
Talee Zur (Potter), Esq.
Attorney(s) for Defendants
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005
(212) 552-2569
talee.zur.potter@Chase.com

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 2

STATEMENT OF FACTS ........................................................................................................ 3

    A.    The Parties ................................................................................................................. 3

    B.    Plaintiff and WMB Entered Into A Binding Arbitration Agreement ...................... 3

LEGAL ARGUMENT................................................................................................................ 6
          THE COURT SHOULD COMPEL ARBITRATION OF PLAINTIF'S CLAIMS

    A.    The Court Must Evaluate WMB's Motion Under Strong Federal Policy Favoring
          Arbitration.................................................................................................................. 6

    B.    The Court Must Evaluate WMB's Motion Under Strong New York Policy Favoring
          Arbitration……………………………………………………………………...…..7

    C.    Plaintiff Filed This Action In Breach Of A Valid Agreement to Arbitrate ........... 8

    D.    Plaintiff's Claims Fall Squarely Within the Scope of The Valid, Binding Agrement to
          Arbitrate .................................................................................................................... 9

    E.    Because Plaintiff Has Refused to Arbitrate, the Court Should Dismiss This Action and
          Order the Parties to Arbitration.............................................................................. 10

CONCLUSION........................................................................................................................ 11

## TABLE OF AUTHORITIES

| Case | Page |
|---|---|
| Ciago v. Ameriquest Mortgage Company, 295 F. Supp.2d 324 (S.D.N.Y.2003) | 6 |
| Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111-12 (2001) | 9 |
| Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985) | 6, 7 |
| Debono v. Washington Mutual Bank, No. 05 Civ. 10333, 2006 WL 3538983, at *2 (S.D.N.Y. Dec. 8, 2006) | 8 |
| Filloramo v. New Alliance Invs., Inc., No. 3:06 CV 0182S, 2007 WL 1206736, at *4 (D. Conn. April 23, 2007) | 10-11 |
| Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987) | 7, 8 |
| Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) | 6 |
| Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 150 (2d Cir. 2004) | 8, 9 |
| Guyden v. Aetna Inc, 544 F.3d 376, 382 (2d Cir. 2008) | 10 |
| Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001) | 7 |
| Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985) | 7 |
| Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.., 460 U.S. 1, 24-25 (1981) | 7 |
| Oldroyd v. Elmira Savings Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998) | 7, 10 |
| S.A. Mineracao Da Trindade-Samitri v. Utah Int'l, Inc., 745 F.2d 190 (2d Cir. 1984) | 7 |

Shaw Group, Inc. v. Triplefine Int'l Corp.,
  322 F.3d 115, 120 (2d Cir.2003) ........................................................................... 9, 10

Ragone v. Atlantic Video,
  595 F.3d 115 (2d Cir. 2010) ..................................................................................... 11

Defendants J.P. Morgan Chase & Co. ("JPMC") and Chase Investment Services Corp. ("CISC") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for an order: (a) dismissing this action and compelling arbitration of the claims alleged in the Complaint of Plaintiff Nicholas Owoyemi ("Plaintiff"); or in the alternative (b) compelling arbitration and staying this litigation pending the conclusion of arbitration proceedings.

## PRELIMINARY STATEMENT

Defendants, by and through their undersigned attorneys, hereby submit this Memorandum of Law in Support of Its Motion To Dismiss the Instant Action and to Compel Arbitration of all claims asserted in *Pro Se* Plaintiff's Complaint pursuant to the Federal Arbitration Act, 9 U.S.C. §3. As demonstrated herein, Plaintiff Nicholas Owoyemi's claims can be submitted to arbitration pursuant to the Binding Arbitration Agreement he signed at the outset of his employment with Defendant Washington Mutual Bank ("WMB"). Alternatively, Defendants seek to stay the current action during the course of arbitration proceedings.

Plaintiff is a former employee of WMB. At the outset of Plaintiff's employment with WMB, he entered into a Binding Arbitration Agreement that expressly requires Plaintiff to arbitrate employment disputes, including claims of discrimination and breach of contract. In September 2008, JPMorgan acquired certain assets and assumed certain liabilities of WMB from the Federal Deposit Insurance Corporation acting as receiver. Notwithstanding his agreement to arbitrate, however, Plaintiff filed a Complaint in the Supreme Court of New York on or about November 22, 2010 alleging, *inter alia,* that he was unlawfully terminated on the basis of "prejudice and discrimination including retaliation for protesting the unlawful demotion" under 42 USC §1981. Plaintiff's lawsuit is based solely on events that relate to his employment with

2

WMB and its successor, JPMorgan, and thus falls squarely within the scope of the Arbitration Agreement. Accordingly, the Court should dismiss Plaintiff's Complaint and compel arbitration, or in the alternative, should compel arbitration and stay this action while it is pending.

## STATEMENT OF FACTS

### A. The Parties

Plaintiff began his employment with WMB on November 17, 2008. See Declaration of Trese Cintron ("Cintron Dec."), ¶ 2. He was employed as a Financial Consultant in WMB's Brooklyn, New York office. See id. at ¶¶ 2, 3. In September 2008, JPMorgan acquired certain assets and assumed certain liabilities of WMB from the Federal Deposit Insurance Corporation acting as receiver. See id. at ¶ 8. Thereafter, Plaintiff was employed by Defendant JPMorgan. Plaintiff's employment was terminated on November 27, 2009.

### B. Plaintiff and WMB Entered into a Binding Arbitration Agreement

On October 29, 2008, at the outset of his employment with WMB, Plaintiff entered into a Binding Arbitration Agreement ("Arbitration Agreement"). See Cintron Dec. at ¶ 5; see also Cintron Dec. Ex. A, B, C. The agreement to enter into the WMB internal DRP process was referenced in his August 26, 2008 application for employment, October 29, 2008 offer letter and the October 29, 2008 Binding Arbitration Agreement, all of which were signed by him. See Cintron Dec. at 3; see also Cintron Dec. Ex. A, B, C. The Arbitration Agreement is designed to achieve a more expedient and inexpensive resolution of employment-related claims than traditional litigation by requiring the private arbitration of such disputes, including discrimination and contract claims. The Arbitration Agreement specifically memorializes Plaintiff's assent to the following:

3

1. Any and all disputes that involve or relate in any way to my employment (or termination of employment) with Washington Mutual shall be submitted to and resolved by final and binding arbitration. . . .

2. Washington Mutual and I understand that by entering into this Agreement, *each of us is waiving any right we may have to file a lawsuit or other civil action or proceeding relating to my employment with Washington Mutual, and waiving any right we may have to resolve employment disputes through trial by jury.* We agree that arbitration shall be in lieu of any and all lawsuits or other civil legal proceedings relating to my employment. . . .

3. This Agreement is intended to cover *all civil claims that involve or relate in any way to my employment (or termination of employment)* with Washington Mutual, including, but not limited to, *claims of employment discrimination or harassment on the basis of race,* sex, age, religion, color, national origin, sexual orientation, disability and veteran status (including, but not limited to, claims under claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Fair Labor Standards

4

    Act, the Immigration Reform and Control Act, and any other local, state, or federal law concerning employment or employment discrimination), ***claims for breach of contract or covenant***, tort claims, claims based on violation of public policy or statute. . . .

21. By presenting this Agreement to me, Washington Mutual agrees to be bound by its terms. By signing below, I agree to be bound by its terms. This Agreement shall remain in full force and effect at all times during and after my employment with Washington Mutual, or any successor in interest to Washington Mutual.

See Cintron Dec., Ex. C, ¶¶ 1, 2, 3, 21 (emphasis added).

    Despite the plain language of the Arbitration Agreement, Plaintiff filed a Complaint in the New York State Supreme Court on or about November 22, 2010 alleging discrimination and retaliation in violation of 42 U.S.C. § 1981. See Affidavit of Talee Zur (Potter) ("Zur Aff."), Exhibit A. Defendant moved to remove the matter to this Court due to the Federal Question raised by Plaintiff's complaint. Defendant's counsel contacted Mr. Owoyemi several times after the complaint was filed to advise him of the existence of the Arbitration Agreement but did not receive a response from *Pro Se* Plaintiff.

5

## LEGAL ARGUMENT

## THE COURT SHOULD COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS

In order to compel arbitration, the Court must determine that (1) there is a valid and enforceable agreement to arbitrate, and (2) the claims asserted by Plaintiff fall within the scope of the agreement. See Ciago v. Ameriquest Mortgage Company, 295 F. Supp.2d 324 (S.D.N.Y. 2003) (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991)) (additional citations omitted). Here, both elements are undoubtedly satisfied. First, the Arbitration Agreement is enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et. seq., as well as New York's principles of contract law. Where a litigant in a court proceeding refuses to arbitrate a dispute within the scope of a valid arbitration agreement, a judicial order compelling arbitration is mandatory – not discretionary. See 9 U.S.C. §4; see also Dean Witter Reynolds, Inc. v Byrd, 470 U.S. 213, 217 (1985) (holding that the FAA leaves no room for the exercise of discretion and mandates that district courts direct the parties to proceed to arbitration if there has been a 'failure, neglect or refusal' of any party to honor an agreement to arbitrate.") Second, Plaintiff's discrimination and contract claims fall squarely within the scope of the Arbitration Agreement. The Court, therefore, should grant Defendants' motion to dismiss and compel arbitration, or in the alternative, stay the proceedings pending arbitration.

**A.     The Court Must Evaluate WMB's Motion Under Strong Federal Policy Favoring Arbitration**

A motion to compel arbitration is governed by Section 4 of the FAA, which provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court...for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C.

6

§4 (2010). The FAA, and the strong federal policy favoring arbitration that it embodies requires courts to "rigorously enforce agreements to arbitrate." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc. 473 U.S. 614, 626 (1985); see also Dean Witter, 470 U.S. at 221; Hartford Accident & Indem. Co. v Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001) ("[T]here is a strong federal policy favoring arbitration as an alternative means of dispute resolution").

Courts therefore "construe arbitration clauses as broadly as possible," Oldroyd v.Elmira Savings Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998), and "any doubts concerning the scope of arbitration clauses should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). The exacting application and broad construction of arbitration agreements dictate that, "[i]f the allegations underlying the claims 'touch matters' covered by the parties' [arbitration agreement], then those claims must be arbitrated, whatever the legal labels attached to them." Genesco, Inc. v T. Kakiuchi & Co., 815, F.2d 840, 846 (2d Cir. 1987) (citing Mitsubishi Motors Corp., 473 U.S. at 624 n. 13). Thus, a broad arbitration clause – such as that in the Agreements at issue here – "creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that it covers the asserted dispute." Oldroyd, 134 F.3d at 76; see also S.A. Mineracao Da Trindade-Samitri v Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir. 1984) (same). Under these liberal standards, the claims Plaintiffs pursue in this action clearly are covered by their agreements to arbitrate, and must be dismissed.

**B.    The Court Must Evaluate WMB's Motion Under Strong New York Policy Favoring Arbitration**

7

Likewise, New York also has a "long and strong public policy favoring arbitration." Smith Barney Shearson Inc. v. Sacharow, 91 N.Y.2d 39, 49, 666 N.Y.S.2d 990, 995 (1997); Cooper v. Bruckner, 21 A.D.3d 758, 758, 801 N.Y.S.2d 19, 20 (1st Dep't 2005) ("New York public policy favors enforcement of contracts for arbitration."). Specifically, "this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties. Therefore, New York courts interfere as little as possible with the freedom of consenting parties to submit disputes to arbitration." Stark v. Molod Spitz DeSantis & Stark, P.C., 9 N.Y.3d 59, 66, 845 N.Y.S.2d 217 (2007) (quoting Smith Barney Shearson, 91 N.Y.2d at 49-50, 666 N.Y.S.2d at 995-96). Further, "[a]ny doubts as to whether an issue is arbitrable will be resolved in favor of arbitration." Herzog v. Oberlander, No. 9074/02, 19 Misc.3d 1113(A) (table), 2008 WL 880184, at *7 (N.Y. Sup. Ct. 2008) (quotations omitted).

Under New York law, "in the absence of fraud or other wrongful act on the party of another contracting party, a party who signs or accepts a written contract…is conclusively presumed to know its content and to assent to them." Debono v. Washington Mutual Bank, 2006 WL 3538938 (S.D.N.Y. Dec. 8, 2006) (dismissing action and compelling arbitration involving the same agreements in question in this suit) citing Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004).

The Arbitration Agreement, consistent with the strong federal and state public policy, compel the conclusion that Defendants' motion to compel arbitration and to dismiss the proceedings should be granted, and that Plaintiff's attempts to avoid his obligation to arbitrate should be rejected out of hand.

C.  **Plaintiff Filed This Action In Breach of A Valid Agreement to Arbitrate**

The Second Circuit has instructed that pursuant to the FAA, the role of the reviewing

8

court is limited to answering two questions: (1) "whether a valid agreement or obligation to arbitrate exists"; and (2) "whether one party to the agreement has failed, neglected or refused to arbitrate." Shaw Group, Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 120 (2d Cir. 2003)(internal quotations omitted). Here, both of these questions should be undoubtedly be answered in the affirmative.

### D. Plaintiff's Claims Fall Squarely Within the Scope of The Valid, Binding Agreement to Arbitrate

The FAA provides, in relevant part, that "[a] written provision in …a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction shall be valid, irrevocable and enforceable." 9 U.S.C 2 (2010); see also Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111-12 (2001) (holding that FAA exempts only contracts of employment of transportation workers, but not other employment contracts); see also Gold, 365 F.3d at 150. Here, as evidenced by his signed arbitration agreement, Plaintiff agreed to utilize WMB's DRP and entered into a valid, irrevocable and enforceable agreement to arbitrate all of his claims in the Complaint.

Plaintiff now raises claims in the instant suit alleging discrimination and retaliation. These claims fall squarely within the coverage of WMB's DRP which encompasses "all disputes that involve or relate in any way to my employment." Cintron Dec. Ex. C. Thus, the statutory employment claims Plaintiff seeks to pursue in this action are, without question, covered by the signed, binding agreement. See Genesco, 815 F.2d at 846 ("[i]f the allegations underlying the claims 'touch matters' covered by the parties' [arbitration agreement], then those claims must be arbitrated, whatever the legal labels attached to them." (citation omitted). Accordingly, the first factor – whether the parties agreed to arbitrate the dispute – is satisfied.

Moreover, "[i]t is well-settled that federal statutory claims can be the subject to

arbitration, absent a contrary congressional intent." Oldroyd, 134 F.3d at 77; Guyden v Aetna Inc, 544 F.3d 376, 382 (2d Cir, 2008) (the "duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights...When statutory claims are involved, a party can prevent enforcement of the arbitration agreement only by showing that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue.")(internal quotations omitted); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23 (1991) (holding that statutory employment claims under the Age Discrimination in Employment Act ("ADEA") may be subject to compulsory arbitration under the FAA).

**E.   Because Plaintiff Has Refused to Arbitrate, the Court Should Dismiss This Action and Order the Parties to Arbitration**

The remaining question for the Court is whether one party to the arbitration agreement has "failed, neglected or refused" to arbitrate. Shaw Group, 322 F.3d at 120. Here, the answer is yes.

The issue raised in Plaintiff's Complaint – allegations of discrimination and retaliation - must be submitted to arbitration pursuant to his binding arbitration agreement. Ignoring his commitment to pursue this alternative dispute resolution forum, Plaintiff instead filed this lawsuit, thereby breaching his agreement to arbitrate. Accordingly, the second question – whether one party to the agreement has failed, neglected or refused to arbitrate – is answered in the affirmative. Shaw Group, 322 F.3d at 120. As a result, this Court should dismiss Plaintiff's claim in its entirety.

Courts have held that dismissal rather than a stay pending arbitration, is appropriate "[w]here all of the issues raised in the Complaint must be submitted to arbitration." Filloramo v. New Alliance Invs., Inc., No. 3:06CV0182S, 2007 WL 1206736, at *4 (D. Conn. April 23,

2007)( granting employer's motion to compel arbitration and dismiss the employment action). Just recently, the Second Circuit affirmed an order dismissing a complaint and ordering arbitration where the plaintiff raised employment claims under state and federal law that there subject to an arbitration agreement. <u>Ragone v. Atlantic Video</u>, 595 F.3d 115 (2d Cir. 2010).

Because Plaintiff's dispute is covered by WMB's DRP and their agreements, and Plaintiff failed to arbitrate their disputes, the Court should dismiss this action in its entirety.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this motion be granted and Order entered (1) dismissing this action and compelling arbitration of this matter in accordance with the parties' arbitration agreement; or in the alternative (2) compelling arbitration and staying this action until such time as those arbitration proceedings have been concluded; and (3) granting Defendants the attorneys' fees and costs associated with making this motion and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 4, 2010

                              Legal and Compliance Department

                         By: _____
                              Talee Zur (Potter)
                              Attorney(s) for Defendants
                              One Chase Manhattan Plaza, 26th floor
                              New York, NY 10005
                              (212) 552-2569
                              talee.zur.potter@chase.com